Auburn and Cato Plank Road Co. *v*. Douglass.

---

# The Auburn and Cato Plank Road Co. *vs*. Douglass.

Where, after a plank road company had completed their road and put the same in use, and had erected a toll-gate thereon, opposite the defendant's land, the defendant opened and worked a road on his own land, parallel to and adjoining the plank road, so that the same was passable for travelers and was used by them to avoid the toll-gate, to the prejudice of, and loss of toll to, the company; *Held* that the court had power to restrain the defendant by perpetual injunction, from keeping his said road open, or permitting it to be kept open, so as to be used by the public for travel; and to order the same to be so closed as to hinder persons traveling upon the plank road from using it as an open road.

In Equity.] This was a demurrer to the answer of the defendant. In their complaint the plaintiffs showed their incorporation and organization under the act of May 7th, 1847, in relation to plank roads, for constructing a plank road from Auburn to Cato, in the county of Cayuga, and the completion and

putting in use said road. That they erected a toll-gate on said road, opposite the defendant's land, and about sixteen rods south of an east and west highway, crossing said road, and which runs along the north line of his farm; and is about 147 rods north of his dwelling house, which is on the east side of the plank road, and that the plank road in front of his farm was built in the old highway running there. That the defendant opened and worked a road on his own land, parallel to and adjoining the plank road, from near his dwelling house, about 131 rods south of the toll-gate, to the said cross road on the north line of his farm, so that the same was passable for travelers, and was used by them to pass the gate, to the prejudice of, and loss of toll to the plaintiffs, and that said road was made with the intent to injure and defraud the plaintiffs. The complaint prayed an injunction restraining the defendant from keeping open said road, so made by him, and requiring him to close and shut up the same, and claimed damages to one hundred dollars.

The answer of the defendant showed that he had owned and occupied his said farm for fifty years and since the country was a wilderness. That he had long had a barn thereon, near the north line and northwest corner of his farm, for depositing his wheat and other produce, and from which he had been in the habit of taking the same to market at Weedsport, north. That the farm between his house and his barn was divided into several fields, and among them a pasture field, about thirty rods north of his house, and that the access to the pasture field and barn, from the old highway, which was his usual course, was easy, they being nearly on a level with the highway, and no banks, and that the plaintiffs in making their plank road, had dug and left banks in front of the barn, pasture and house. That the bank in front of the barn was two or three feet high, and in front of the pasture three or four feet high, and in front of the house "considerable." And that the making of the said road, by him on his own land, was necessary for the convenient use of his farm and barn, and altogether the most feasible and economical mode of providing for himself a convenient access to his barn and various fields, and the most convenient and practicable mode of getting

his produce from his barn on to the road going to market. He denied that he worked a road, any further than to level down the ground and make a comfortable passage for his own use, and he denied that he made it for the use of the public, or with intent to defraud the plaintiffs, or that the same was convenient for public use, or that to his belief the plaintiffs had suffered damages to $100, or any sum. He insisted that the same had become necessary by the acts of the plaintiffs, and that he had a perfect right to make the same on his own land, and for his own use. And he insisted that the plaintiffs, on their own showing, independent of the answer, were not entitled, in law, to the relief they claimed.

To this answer the plaintiffs demurred.

*John Porter*, for the plaintiffs.

*P. Bronson*, for the defendant.

JOHNSON, J. The plaintiffs are corporators under the plank road act passed May 7, 1847, and in the possession of a franchise secured to them by statute, which they ask to have protected by a perpetual injunction against the defendant, to relieve themselves from a great evil and loss, and the necessity of incessant litigation with travelers. It is an appeal to the extraordinary power of the court, and the plaintiffs are bound to make out a case showing a clear necessity for its exercise. The power of the court in such a case is undoubted, and has been often exercised to protect persons in the enjoyment of rights thus secured. (*Croton Turnpike Co.* v. *Ryder*, 1 *John. Ch.* 611. *Ogden* v. *Gibbons*, 4 *Id.* 150. *Newburgh Turnpike Co.* v. *Miller*, 5 *Id.* 101 *to* 110. *Story's Eq.* § 927.) Courts interfere upon similar grounds, to prevent irreparable mischief, or to suppress multiplicity of suits and oppressive litigation. It is not denied by the defendant that his road is open and worked in such a manner that travelers may pass over it; nor that they do so daily, and thus avoid paying tolls to the plaintiffs, to their injury, although the extent of such injury is denied, upon belief. The injury to the plaintiffs is therefore virtually conceded by the defendant in his

answer, but the intent to work the injury and deprive the plaintiffs of their rights in opening the road, is expressly denied.

That every man must so use his own rights and property as to do no injury to those of his neighbor, is a familiar maxim. But this rule applies to the plaintiffs as well as the defendant. Had the plaintiffs in constructing their road, by excavations or embankments, or any other means, cut off the defendant's communication between one portion of his property and another, so as to deprive him of its use and enjoyment without incurring great expense or being constantly subject to real and serious inconvenience, they could not complain of his opening such roads and avenues as were necessary to restore to himself the free and convenient use of his property as he had before used and enjoyed it. In such a case an application of this kind would be listened to with little favor. This is evidently the kind of case which the defendant has sought to make out in his answer, but I think he has entirely failed to do so.

It is impossible not to see that grading down so as to leave a bank between the track of the road and the defendant's barn, of between two and three feet, and at his pasture of between three and four feet, are no such serious obstacles as to render it necessary for him to open a road the whole length of his lot, from his house to the cross road, and keep it open at both ends. Indeed it is not pretended that here were any obstacles which could not be removed so as to render the access to the barn or pasture perfectly easy and convenient, with much less expense and trouble than it required to open and work the defendant's road. We can not shut our eyes to what is perfectly obvious in the nature of things. The language of the answer is careful and guarded. In regard to the barn it says, the bank renders it " impracticable to pass from the road to the barn *as formerly.*" In regard to the pasture, that " it was rendered impracticable without *considerable expense and trouble,* to pass the cattle from said plank road to the pasture." In front of the house the bank is said to be considerable, " thereby disturbing the communication with the road." And that for these reasons the defendant removed the fence for the purpose of making a way for himself. No neces-

Auburn and Cato Plank Road Co. *v.* Douglass.

sity or excuse is alledged by the defendant for leaving his road open where it intersects the cross road north of the plaintiffs' gate, or at the end next to his house.

And although the defendant denies that he has made it convenient for travelers at the end next his house to gain access to his road, he does not deny that they do so without difficulty, and use his road to the damage of the plaintiffs. It is of no consequence whether the defendant intended the injury or not. That is not an essential inquiry, for in civil actions the law does not so much regard the intent of the actor as the loss or damage of the party suffering. (*Broom's Legal Max.* 161. 5 *John. Ch.* 111.) Practically he has established and keeps open a shunpike, as it is often familiarly termed, whether that was part of his design or not. It may be, as things stand, as alledged in the answer, that the defendants' road affords the most convenient and practicable mode of carrying on his farming operations. But it is not alledged that those operations could not be carried on quite as conveniently, by suitable repairs or improvements at the house and pasture and barn. Nor is it pretended that there is any necessity for leaving the road open, and at all times accessible to travelers at the respective terminations north and south. The use of this road by the defendant, is not what is complained of, nor could it be justly objected to. It is the keeping of it open to enable travelers to pass the gate to the plaintiffs' injury, and driving them to the necessity of burthensome and interminable litigation to maintain their rights, which lies at the foundation of their claim for this relief. The defendant has an unquestionable right to use and enjoy his property in any manner he chooses, so long as such use is not inconsistent with the public weal, or does not operate to deprive others of the rights secured to them by law. And he may abandon it entirely if he sees fit to do so ; but so long as he uses it, he must see that such use, or the particular mode of using, does not materially interfere with the rights of others. I have had serious doubts whether the plaintiffs, before asking for this relief, ought not to have shown or alledged, that they had restored the road to its former usefulness, to the defendant, by giving him the

Auburn and Cato Plank Road Co. *v.* Douglass.

means of convenient access to his property from it, at all necessary points, or had offered to do so; and also that they had attempted or offered to place suitable gates at the respective terminations of the defendant's road, which might secure to the defendant the use of his road for his own convenience, and at the same time operate to shut out public travel. And I can not say that the question is entirely clear or free from difficulty, after the best consideration I have been able to give it. But the plaintiffs acquired the absolute right to construct their road by purchase, and taking the other steps required by law. It is not pretended that they have constructed it in a manner which the law does not authorize, or in an improper manner so far as the public interest or the convenience of travelers is concerned. There is no duty imposed upon them by statute to make crossings, or furnish an easy and convenient passage to persons through whose lands their road may pass, between the road and such lands, at all necessary points. And the better opinion, I think, is that they are not bound to do so, unless, they have rendered it unreasonably difficult and burthensome, for such owner to make the passage for himself. That such is not this case, is, I think, quite manifest. The improvement of our common highways, by means of plank roads, constructed by these corporations, is a matter of general concern, and courts, when properly called upon, should see that persons who have invested their means in this improvement of our common avenues of communication, are not only protected in the use and enjoyment of their rights, and the legitimate profits accruing therefrom, but, also, that they are not charged with unnecessary and unreasonable burthens, by individuals in the vicinity of whose lands such improvements may be constructed. But they should be equally vigilant to protect individuals in the use of their property, and the exercise of all their just rights in regard to it, against corporations. Rights granted or secured by a statute, are no more sacred or valuable than those of individuals, at common law; and aggressions upon either, come from what quarter they may, are to be corrected by the application of proper remedies.

It seems to me, that the exercise of the power invoked in this

case, would be highly just and salutary; as without it, the plaintiffs will be constantly exposed to have their rights impaired by frauds and evasions, or driven to constant litigation to protect them. Every person along the line, might open a road upon his lands, wherever a gate is located, and the whole investment of the plaintiffs, and all others engaged in similar enterprises, be rendered entirely valueless. I shall, therefore, decree that the defendant be perpetually enjoined from keeping his said road open, or permitting it to be kept open, so as to be used by the public for travel; and that the same be so closed as to hinder persons traveling upon the plank road from using it as an open road; and that he pay the costs of this suit. Decree to be settled on due notice to the defendant's attorney.(*a*)

[CAYUGA SPECIAL TERM, April 2, 1850. *Johnson*, Justice.]

(*a*) This decision was affirmed on appeal to the general term, in the seventh judicial district, June term, 1851.