## THE AUBURN AND CATO PLANK ROAD COMPANY *against* DOUGLASS.

*Plank road companies; statutes respecting; rights of land owners.*

THE plaintiffs, a corporation organized under the general plank road acts, had built their road, and erected a toll-gate thereon, pursuant to such acts, opposite to the defendant's farm, which lies upon one side of the road, and contiguous thereto. After the erection of the gate the defendant moved his fence from the line of the road where it originally stood, back upon his farm some twenty or thirty feet, and graded a track by the side of the road, but entirely upon his own land, extending on both sides of the toll-gate, so that persons travelling upon the road could, if disposed, leave the road and pass over this track upon defendant's land, and thus avoid the gate.

The plaintiffs, in their complaint, state these facts, and aver that the acts of the defendant were done for the purpose and with the intent to injure the plaintiffs and defraud them of their rights; and pray for an injunction, together with damages for the injury sustained.

The answer of the defendant denies the motives attributed to him in the complaint, and insists that the fence was removed and the track graded to facilitate his farming operations, and to afford him convenient ingress and egress to and from his barn and other premises.

To this answer the plaintiffs demurred.

The court *held*, that the legislative acts granting franchises to corporations are to be construed strictly, according to their terms; and that the grantees in such acts take *nothing* by implication, either as against the

power making the grant, or against other corporations or individuals.

That the acts authorizing the formation of plank road companies give to such companies no interest or easement in or upon the lands adjoining their road, and no rights to restrict the use which the proprietor of such lands may make of his own premises.

That every proprietor of land has the absolute control over his own property, and may do with it whatever he pleases, unless he thereby infringes some fixed legal right of another; loss or damage to one person, arising from the use made by another of his own property, being *damnum absque injuria*, unless the former has previously acquired some legal right to restrict the use which the latter shall make of such property.

That where no such right of restriction exists, it is immaterial what may be the motives of a proprietor for dealing with his own property in a particular way.

*Held*, therefore, that the present action could not be maintained, although every fact stated in the complaint was established.

(S. C., 12 Barb. 553; 9 N. Y. 444.)